IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>v.<br><br>WILLIAM HARRISON,<br><br>                    Defendant. | **MEMORANDUM DECISION AND ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(C)(1)(A)**<br><br>Case No. 2:07-CR-53-DAK<br><br>Judge Dale A. Kimball |

       This matter is before the court on Defendant's Motion for Compassionate Release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). Defendant requests that the court release him immediately or reduce his sentence from 35 years to 20 years. Defendant filed a pro se motion which was then supplemented by appointed counsel. Pursuant to General Order 20-019, the United States filed an opposition to Defendant's motion, and the United States Probation Office filed a recommendation that the court deny the motion. Defendant then filed a reply in support of his motion. The court considers the motion fully briefed.

       Defendant was indicted on three counts of Armed Bank Robbery and three counts of discharging a firearm during a crime of violence. Pursuant to a plea agreement, Defendant pled guilty to two counts of discharging a firearm during a crime of violence. On June 2, 2009, this court sentenced Defendant to ten years on Count 4 and a consecutive twenty-five years on Count 5, as mandated by 18 U.S.C. § 924(c). Defendant has served approximately 14 years of his 35-year sentence. According to the U.S. Probation Office, Defendant's projected release date is December 11, 2036.

"Federal Courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but th[at] rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011). One exception is contained in 18 U.S.C. § 3582(c)(1). The First Step Act modified § 3582(c)(1)(A) to allow a federal prisoner to file a motion directly with the court to reduce the defendant's term of imprisonment after the defendant has exhausted administrative remedies with the Bureau of Prisons ("BOP"). *United States v. Willis*, 382 F. Supp. 3d 1185, 1187 (D.N.M. 2019). In this case, the United States does not dispute that Defendant meets the exhaustion requirement.

Under § 3582(c)(1)(A), a court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that "extraordinary and compelling reasons warrant such a reduction; and . . . such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). Based on the plain language of this statute, the Tenth Circuit adopted a three-step test for granting a motion for reduction of sentence: "(1) the district finds that extraordinary and compelling reasons warrant such a reduction; (2) the district court finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the district court considers the factors set forth in § 3553(a), to the extent that they are applicable." *United States v. Maumau*, No. 20-4056, 2021 WL 1217855. *7 (10th Cir. Apr. 1, 2021).

Defendant argues that there are extraordinary and compelling reasons for a reduction in his sentence based on a change in the law with respect to § 924(c) under the First Step Act and his health concerns. When Defendant was charged with and sentenced for that crime, § 924(c) required a minimum mandatory of either 5, 7, or 10 years of imprisonment depending on what the defendant did with the gun. For every § 924(c) offense that came after that, the law required

a consecutive 25-year sentence. Under the First Step Act, Congress changed the statute so that the 25-year mandatory sentence only applies if a person recidivates. Thus, a 25-year minimum mandatory sentence would not be applied to subsequent counts in the same case, as it was in Defendant's case. If Defendant had been sentenced under the present law, he would have faced a minimum mandatory sentence of 20 years for the two counts he pled guilty to, not 35 years. The minimum mandatory sentence for all three counts of discharging his weapon during three bank robberies would now be 30 years, 5 years less than Defendant's sentence for two counts.

The First Step Act's sentencing adjustments to § 924(c) were not made retroactive. The retroactivity of a statutory provision is a determination made by Congress. *Dorsey v. United States*, 567 U.S. 260, 274 (2012). In making the changes to § 924(c), Congress specifically addressed which cases the change would apply to: "This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment."

Defendant contends that this lack of retroactivity is irrelevant if the court finds the change in the law combined with other factors to be a compelling and extraordinary basis for purposes of compassionate release. While Congress did not afford retroactive relief to all Defendants with stacked § 924(c) sentences, it did not "prohibit district courts, on an individualized, case-by-case basis, from granting sentence reductions under § 3582(c)(1)(A)(i) to *some* of those defendants." *Unted States v. McGee*, No. 20-5047, 2021 WL 1168980, *9 (10th Cir. Mar. 29, 2021).

In *United States v. Maumau*, No. 20-4056, 2021 WL 1217855, *9 (10th Cir. Apr. 1, 2021), the Tenth Circuit held that "district courts, in applying the first part of § 3582(c)(10(A)'s statutory test, have the authority to determine for themselves what constitutes 'extraordinary and compelling reasons,' but that this authority is effectively circumscribed by the second part of the

statutory test, i.e., the requirement that a district court find that a reduction is consistent with applicable policy statements issued by the Sentencing Commission pursuant to §§ 994(a)(2)(C) and (t)." The Sentencing Commission has not issued a policy statement in response to the First Step Act's provision allowing Defendants to bring a motion for sentencing reduction directly with the court and the policy statement applicable to motions brought by the BOP is not applicable to direct motions. *Maumau*, 2021 WL 1217855, at *11-12. Therefore, the Sentencing Commission's current policy statement does not "constrain district courts' discretion to consider whether any reasons are extraordinary and compelling." *Id.* at *12.

Although there currently appears to be little constraining district courts from reducing pre-First Step Act mandatory sentences, in *McGee,* the Tenth Circuit explained that the fact that a defendant is serving a pre-First Step Act sentence—in that case a mandatory life sentence— "cannot, standing alone, serve as the basis for a sentence reduction under § 3582(c)(1)(A)(i)." 2021 WL 1168980, at *10. The court concluded "that it can only be the combination of such a sentence and a defendant's unique circumstances that constitute 'extraordinary and compelling reasons' for purposes of § 3582(c)(1)(A)(i)." *Id.*

In *Maumau*, the Tenth Circuit upheld the district court's reduction of the defendant's stacked § 924(c) sentences because the district court's "finding of 'extraordinary and compelling reasons' was based on its individualized review of all the circumstances of Maumau's case and its conclusion 'that a combination of factors' warranted relief." *Id.* at *12. The combination of factors included Maumau's young age and lack of criminal history at the time of sentencing, the "incredible" length of his stacked mandatory sentences under § 924(c); his sentence in relation to his co-defendants' sentences, the First Step Act's elimination of sentence-stacking under § 924(c); and the fact that Maumau would not face such a long sentence today. *Id.* at *4-5, 12.

4

In this case, Defendant asserts that a combination of factors presents extraordinary and compelling circumstances for a sentence reduction, and the court agrees. Defendant's stacked sentence nearly doubled what his sentence would be today under the First Step Act's changes to § 924(c)—35 to 20 years. His sentence is nearly three times longer than his co-defendant's—35 years to 13 years. In addition, Defendant already suffers from chronic health conditions and he will be 70 years old when he is released under his current sentence. As in *Maumau*, the court concludes that Defendant's combination of age and sentencing factors demonstrate extraordinary and compelling circumstances for a sentence reduction.[1]

The court further finds that the § 3553(a) factors support a reduction of Defendant's sentence to 22 years. Although Defendant would face 30 years for discharging a weapon in connection with three bank robberies under the First Step Act changes to § 924(c), Defendant admitted to the crimes and pled guilty. As part of a plea bargain, Defendant would likely receive a sentence less than 30 years. As before, it is likely that Defendant would have bargained for a plea to two counts, which would put his sentence somewhere between 20 to 25 years. This length of sentence is substantial and provides adequate deterrence. Defendant has had a lot of prior offenses, but most are misdemeanors or drug possession. While he discharged his weapon during the course of the bank robberies, he fired into the ceiling and did not threaten anyone

---

[1] Defendant also seeks immediate release based on his health concerns and the risk of contracting Covid-19 in his facility. However, the court has repeatedly ruled that the Covid-19 pandemic alone is not a basis for compassionate release. Defendant has not identified a condition that would make him especially susceptible to a serious case of Covid-19. Additionally, after initial flare-ups at some facilities, BOP instituted measures that have limited the spread of the virus. As of the date of this Order, Defendant's facility, Yazoo City Medium FCI, has no active case of Covid-19 among inmates. BOP is also in the process of vaccinating inmates, having already administered over 165,000 vaccines to its 127,000 inmates. With continued rollout of the vaccines, the inmate population will obtain greater protection from the virus. Accordingly, the court finds no basis for an immediate compassionate release based on the Covid-19 pandemic.

individually or appear to want to hurt anyone. Moreover, a 22-year sentence is an adequate amount of time for rehabilitation. Defendant has a fairly clean record in custody and he has afforded himself of many educational and training opportunities. He has also completed every BOP drug program that is available to him and been employed during most of his incarceration. The court is well aware that someone in their sixties can still commit crime and pose a threat to the community. But the court also sees value in allowing Defendant to be released at an age when he can still find employment and work to provide for himself and save for retirement. The court concludes that the § 3553(a) factors support a 22-year sentence.

With the reduction of his sentence to 22 years, Defendant will likely be eligible for release to a half-way house in 2025 and full release in 2026. This timeframe allows BOP to plan for his release in an orderly fashion and gives Defendant the opportunity to plan as well. Because of his lack of family connections, Defendant will be well served by spending time in a halfway house. The court will maintain the same length and conditions of supervised release imposed in Defendant's initial sentence.

## CONCLUSION

Based on the above reasoning, Defendant's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) [ECF No. 116] is GRANTED IN PART AND DENIED IN PART. The court reduces Defendant's previously imposed sentence of 35 years to 22 years. Defendant's previously imposed conditions of supervised release are unchanged.

Dated this 10th day of May, 2021.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge